E-FILED
Thursday, 24 July, 2008  03:19:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
JUL 2 4 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN STIMELING,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION PEORIA PUBLIC SCHOOLS DISTRICT 150, KENNETH HINTON, THOMAS BRODERICK, CHARLES DAVIS, and RON SCALES,<br><br>Defendants. | Case No. 07-1330 |

### O R D E R

On June 23, 2008, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. [1] See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging racial discrimination and retaliation by Defendants. The Court concurs with the recommendation that Plaintiff states no cause of action based on a claim for

---

[1] The deadline for filing objections has passed without any filing by Plaintiff, and the Court has been advised by Defendants that they are not filing objections.

retaliation under the Equal Protection Clause of the Fourteenth Amendment, as the right to be free from retaliation "my be vindicated under the First Amendment or Title VII, but not the equal protection clause." Boyd v. Illinois State Police, 384 F.3d 888, 898 (7th Cir. 2004). Moreover, his attempt to bring a class of one equal protection claim is foreclosed by Engquist v. Oregon Dept. Of Agriculture, 128 S.Ct. 2146, 2155, 2008 WL 2329768 (June 9, 2008).

Accordingly, the Court now adopts the Report & Recommendation [#10] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss of for a More Definite Statement [#6] is GRANTED IN PART and DENIED IN PART. The Motion is granted in that Plaintiff's retaliation claim is dismissed to the extent that it is predicated upon the Equal Protection Clause and denied in all other respects.

ENTERED this 24th day of July, 2008.

s/ Michael M. Mihm

Michael M. Mihm
United States District Judge