UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN STIMELING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1330 |
| | ) |
| BOARD OF EDUCATION PEORIA PUBLIC SCHOOLS DISTRICT 150, KENNETH HINTON, THOMAS BRODERICK, CHARLES DAVIS, and RON SCALES, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is an Appeal from the Order of the Magistrate Judge by Plaintiffs. In their Appeal, Plaintiff takes issue with certain of Magistrate Judge Cudmore's rulings with respect to Plaintiff's Motion to Compel. Defendant has responded, and this Order follows.

### STANDARD

Title 28 U.S.C. § 636(b)(1)(A) grants magistrate judges the authority to issue orders regarding pretrial matters. 28 U.S.C. § 636(b)(1)(A) (1993). A district court reviews any portion of a magistrate judge's order to which written objections have been made, and ". . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### BACKGROUND

Plaintiff filed a Motion to Compel seeking various categories of discovery from Defendants involving complaints of discrimination or retaliation arising outside of the

Campus Security Department in which he worked. In resolving the Motion, Magistrate Judge Cudmore directed Defendants to produce the following:

(1) all documents related to written reports and/or complaints of racial discrimination made by any employee, agent or official of the School District against one or more Defendants from January 1, 2003, through December 21, 2008;

(2) all documents related to written reports and/or complaints of racial discrimination made by any employee, agent or official of the School District against one or more employees, agents or officials of the School District, from January 1, 2003, to December 31, 2008, in which one or more Defendants, acting in the scope of his or its employment or official duties, participated in determining what action, if any, would be taken in response to such complaint;

(3) all documents related to written reports and/or complaints of retaliation against one or more Defendants regarding a complaint of racial discrimination described in paragraphs 1 and 2 above;

(4) all documents relating to any investigation conducted as a result of the complaints described in paragraphs 1, 2, and 3 above; and

(5) all documents related to any charge of racial discrimination filed against Peoria Public Schools District 150 or one or more of the Defendants with the Illinois Department of Human Rights and/or EEOC from January 1, 2003, to December 31, 2008.

The School Board was also directed to answer the interrogatory requesting the identification of any written complaints, grievances, EEOC charges, IDHR charges and/or lawsuits against one or more of the Defendants regarding race discrimination or retaliation made between January 1, 2003, and December 31, 2008.

**DISCUSSION**

Plaintiff does not object to the portions of the Order narrowing the relevant time frame to January 1, 2003, through December 31, 2008, or limiting the scope of complaints to those related to race discrimination/retaliation. Nor does he object to excluding

production of verbal or written complaints that are neither against nor handled by any Defendant.

Plaintiff does, however, object to the exclusion of known verbal complaints against or "handled" by any Defendant. Specifically, Plaintiff argues that it would not be difficult for any Defendant to identify verbal complaints of race discrimination or retaliation against them or that they have received or responded to and reduce their memories to writing. Defendants respond that obtaining all known verbal complaints against or handled by any Defendant would be unduly burdensome, as it could involve canvassing all decision makers within District 150.

The Magistrate Judge limited Plaintiff's overbroad request because he found the request to identify informal and verbal complaints would be an "unwieldy and unworkable task" based on the ambiguity of what was necessary to rise to the level of a verbal complaint. Beyond this limitation, however, Plaintiff was granted his request for an extensive amount of discovery, much of which is likely to be only marginally relevant. Although Plaintiff clearly disagrees with this limitation, he has not demonstrated that the minor limitation was either clearly erroneous or contrary to law, and the objection is therefore overruled. It seems to the Court that the best way to determine if such information exists and clarify what constitutes a "verbal complaint" is to address the subject during depositions, which Plaintiff has clearly done in this case.

Plaintiff next complains of any exclusion by Defendants of written records of verbal complaints against or handled by any Defendant. Defendant does not appear to suggest that such information should be excluded, and the Court observes that Plaintiff has adopted an overly strained reading of the Magistrate Judge's Order in making the argument that the

3

order only directs the disclosure of reports or complaints that were submitted in writing by the complainant. When read in a straight-forward, common sense manner, the Order directs the production of all documents related to written reports and/or any complaints made by any employee, agent, or official of the School District against one or more Defendants during the relevant time. The direction is not limited to only written complaints and therefore encompasses any written documentation that exists regarding verbal complaints. Accordingly, Plaintiff's objection is effectively moot.

Plaintiff opposes the exclusion of evidence of complaints against or handled by decision makers who are not named Defendants. Plaintiff concedes that at the time of the Motion to Compel, there were no known decision makers who were not named Defendants. Based on that representation, at the relevant time, "Defendants" and "decision makers" were co-extensive and synonymous. With all due respect, the question of whether there should be discovery from other non-party decision makers does not appear to have been squarely before the Magistrate Judge, and it is inappropriate to object to an Order based on issues that were not addressed in that context. Plaintiff's objection is therefore overruled, and if this remains in issue, Plaintiff should bring it to the attention of the Magistrate Judge in the first instance.

Finally, Plaintiff asserts that Defendants should be ordered to conduct a broader search for responsive documents, citing a February 2, 2010, letter from Defendants in which they state:

> We intent to determine from the records of the defendants, specifically seeking the assistance of HR and District 150's outside counsel, in an effort to produce all written documents in the categories identified by the Magistrate. We think it highly

> unlikely that any written claim of race discrimination or retaliation would not be found in the records of these offices.

Plaintiff reads this letter as implying that responsive information will only be sought from the HR office and outside counsel, while ignoring any documents in the possession of Defendants themselves.  Again, Plaintiff bases his argument on a strained interpretation of the language contained in the letter.  The letter specifically mentions seeking assistance from HR and outside counsel, but does not state that the Defendants have not been asked for any documents kept or controlled by them personally.  That would be ludicrous.  More likely than not, such documents have been centralized in the offices of either the HR department or outside counsel since the inception of this litigation.  Defendants further respond that the types of documents Plaintiff fears will be excluded are in fact being produced.  Accordingly, based on the record before the Court, Plaintiff's objection lacks merit.

Having failed to demonstrate that the Magistrate Judge's Order was either clearly erroneous or contrary to law, Plaintiffs' Rule 72(a) Objection is overruled in its entirety.

ENTERED this 27th day of May, 2010.

> s/ Michael M. Mihm
> Michael M. Mihm
> United States District Judge